No. 14-1846

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

**HEDWIG LISMONT**

Plaintiff-Appellant

v.

**ALEXANDER BINZEL CORPORATION, ALEXANDER BINZEL SCHWEISSTECHNIK GMBH & CO. KG, IBG INDUSTRIE-BETEILIGUNGS GMBH CO. KG, and RICHARD SATTLER**

Defendants-Appellees

On Appeal from the United States District Court
for the Eastern District of Virginia, Norfolk Division
Docket No.2:12-cv-00592
The Honorable Mark S. Davis

**APPELLEES RESPONSE TO APPELLANT HEDWIG LISMONT'S SECOND MOTION FOR SIXTH-DAY EXTENSION OF THE TIME TO FILE OPENING APPEAL BRIEF**

Douglas A. Dozeman
Amanda M. Fielder
Warner Norcross & Judd LLP
900 Fifth Third Center, 111 Lyon Street, N.W.
Grand Rapids, Michigan 49503-2487
Telephone:  (616) 752-2000
E-mail:  ddozeman@wnj.com
Attorneys for Defendants-Appellees                          January 15, 2015

Appellees respond to Appellant's Second Motion for Sixty-Day Extension of the Time to File Opening Appeal Brief as follows:

1. Five months ago, the United States District Court for the Eastern District of Virginia issued its Opinion and Order granting Defendants' Motion for Summary Judgment. In its Opinion and Order, the district court held that Mr. Lismont's <u>ten-year delay</u> in filing suit against Defendants in the United States for correction of inventorship created a presumption of laches, which Mr. Lismont failed to rebut.

2. Mr. Lismont subsequently filed his Notice of Appeal on September 19, 2014. The Notice of Appeal was filed by Ms. Elizabeth Crompton of Leydig, Voit & Mayer, Mr. Lismont's former counsel.

3. From the time this matter was docketed on September 22, 1014, Mr. Lismont had 60 days to file his opening brief, or until November 21, 2014.

4. At the eleventh hour, Mr. Lismont filed his first motion for an extension. Mr. Lismont requested an additional 60 days to file his opening brief.

5. Although Leydig, Voit & Mayer never filed a formal appearance in this Court, they were acting as Ms. Lismont's counsel. Leydig, Voit & Mayer, specifically Mr. Kornicky, contacted Appellee's counsel requesting concurrence on the 60-day extension. Leydig, Voit & Mayer then served Appellee's counsel with

a copy of Mr. Lismont's first motion for an extension on November 13, 2014. Mr. Lismont did not appear to be acting *pro se*.

6. This Court granted Mr. Lismont's first request for an additional 60 days to file his opening brief. In its order, however, this Court expressly stated that "[n]o further extensions should be anticipated." Mr. Lismont's opening brief is due January 20, 2015.

7. Now, once again at the eleventh hour, Mr. Lismont is requesting another 60 days to file his opening brief. Mr. Lismont is not entitled to his requested relief.

8. First, Mr. Lismont's new counsel was first contacted on December 4, 2014. Counsel admits that he was aware of the deadline for Mr. Lismont's opening brief. (*See* Mr. Porcelli's Declaration ¶ 5.) Yet, despite the Court's deadline and the Court's warning that additional extensions should not be expected, Mr. Lismont's new counsel spent over 5 weeks reviewing the file before they purportedly decided to represent Mr. Lismont. This delay is unreasonable.

9. Second, Mr. Lismont's counsel indicates that the review was lengthy because "German documents had to be translated and analyzed." But all of the relevant German documents were translated during the district court's review and are part of the lower court's record. This is not justification for why it took 5 weeks to analyze the file.

2

10. Third, Mr. Lismont's new counsel acknowledges that for the past 5 weeks they have went through a "multi-stage review process" and conducted a "due diligence investigation." Yet, they ask for the additional 60 days to "review the record." Clearly, counsel has already had ample time to complete such a review.

11. Finally, Mr. Lismont's new counsel also indicates that they need time to "confer with the client." (*See* Mr. Porcelli's Declaration ¶ 7.) But Mr. Lismont's own declaration highlights the "numerous emails, telephone conversations and conference calls" he already had with his new counsel. (*See* Mr. Lismont's Declaration ¶ 5.)

12. This issue on appeal is narrow and straight forward—whether the trial court correctly applied the doctrine of laches to dismiss the case. These issues have been thoroughly researched, brief and argued by Mr. Lismont's previous counsel. There is simply not a lot of additional work that needs to be done.

13. Litigation on this issue has been pending for over <u>14 years.</u> Mr. Lismont's has already had 5 months to prepare an opening brief. He should not be allowed to delay this litigation any longer. Mr. Lismont's second request for an additional 60 days to file his opening brief is unreasonable.

Accordingly, Appellees respectfully request that this Court deny Plaintiff-Appellant's second motion for an additional 60 days to file his opening brief.

Dated:  January 15, 2015		*s/ Amanda M. Fielder*
								Douglas A. Dozeman
								Amanda M. Fielder
								Warner Norcross & Judd LLP
								900 Fifth Third Center
								111 Lyon Street, N.W.
								Grand Rapids, Michigan 49503
								Telephone:  (616) 752-2000
								E-mail:  ddozeman@wnj.com
								*Attorneys for Defendants-Appellees*

**CERTIFICATE OF SERVICE**

This certifies that Defendants-Appellees response was served on January 15, 2015, by U.S. mail on Mr. Frank P. Porcelli, Fish & Richardson P.C., One Marina Drive, Boston, Massachusetts 02210-1878.


Dated:  January 15, 2015          *s/ Amanda M. Fielder*
                                  Amanda M. Fielder